Memorandum Opinion.

## HAWAIIAN PINEAPPLE COMPANY, LIMITED, A CORPORATION, v. MASAMARI SAITO AND LIBBY, McNEILL & LIBBY OF HONOLULU, LIMITED, A COPORATION.

### No. 1135.

PETITION FOR APPEAL TO THE UNITED STATES CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

FILED JULY 3, 1919.                    DECIDED JULY 14, 1919.

BEFORE COKE, C. J., AT CHAMBERS.

### MEMORANDUM OPINION.

In the above entitled cause a decree was on July 3, 1919, entered in favor of the respondents Masamari Saito and Libby, McNeill & Libby of Honolulu, Limited, and against the complainant Hawaiian Pineapple Company, Limited, setting aside the permanent injunction issued out of the court below against the said respondents and instructing said court to dismiss complainant's bill of complaint, etc., and the complainant Hawaiian Pineapple Company, Limited, has presented to me a petition for an appeal from said decree to the United States circuit court of appeals for the ninth circuit. The petition is accompanied by assignments of error on appeal and affidavits which purport to show that the amount involved in the cause exclusive of costs exceeds the value of $5000. The respondents have interposed a demurrer to the petition for appeal, the burden of which is that the complainant has failed to show that the amount involved in the controversy exceeds the sum of $5000 and for which reason the court of appeals would be without jurisdiction and the petition for appeal should therefore be disallowed. The question has been fully and ably presented

by each side by both oral argument and the citation of a vast number of authorities.

Without any attempt to discuss the question or to review the authorities cited I hold that the petitioner by its affidavits has shown with sufficient certainty that the amount involved in the cause exclusive of costs exceeds the sum of $5000 and that complainant is therefore entitled to an appeal from said decree of this court to the United States circuit court of appeals. I shall therefore allow the appeal, but during the pendency thereof and by virtue of Rule 74 of the rules of practice for courts of equity of the United States promulgated by the Supreme Court of the United States November 4, 1912, I shall restore the permanent injunction issued out of the court below, which was by decree of this court of July 3, 1919, vacated and set aside as aforesaid, unless the respondents forthwith file herein a bond in such form and amount and with such surety or sureties as I may approve conditioned to reimburse the complainant for any and all damages which it may sustain by reason of the premises in the event it shall prevail in the United States circuit court of appeals.

*U. E. Wild* and *E. C. Peters* (*Frear, Prosser, Anderson & Marx* and *Peters & Smith* on the brief) for complainant.

*J. W. Cathcart* and *B. S. Ulrich* (*Thompson & Cathcart* on the brief) for respondents.